UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THEODORE W. GILMORE,

Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

Defendant.

CASE NO. C05-5221RBL

REPORT AND RECOMMENDATION

Noted for February 24, 2006

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter has been fully briefed. The parties agree that the ALJ committed certain errors and only disagree as to whether the matter should be remanded for further review or reversed and remanded with direction to award benefits without any further review. After reviewing the record, the undersigned recommends that the Court remand the matter for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Theodore Gilmore, was born in 1963 (Tr. 60). He has a high school education, and he has past work experience as a car salesman, a mill laborer, a surveying assistant, a fish cutter, a construction laborer, and a store clerk. Mr. Gilmore was involved in a motor vehicle accident in December 2000, in which he injured his shoulder and back. The accident exacerbated a pre-existing ankylosing spondylitis.[1]

[1] Ankylosing Spondylitis is a painful, progressive, rheumatic disease. It mainly affects the spine but it can also affect other joints, tendons and ligaments.

Plaintiff alleges disability since December 30, 2000, based on combined impairments, the most critical of which are ankylosing spondylitis, status post bilateral carpal tunnel releases with residuals, and a back injury. Mr. Gilmore protectively filed an application for a period of disability and social security disability benefits on May 2, 2002 (Tr. 59-62). His application was denied at the initial determination and reconsideration stages (Tr. 33-36 & 38-40). Mr. Gilmore thereafter filed a Request for Hearing (Tr. 41). A hearing was held before an administrative law judge ("ALJ") on September 24, 2003 (Tr. 313-346). The ALJ issued a decision on March 26, 2004, denying plaintiff's claim (Tr. 13-36). Plaintiff appealed the decision to the Appeals Council on April 14, 2004 (Tr. 11-12), and an Order denying review of the decision of the ALJ was issued on January 26, 2005 (Tr. 5-8).

Plaintiff filed his complaint for judicial review on March 23, 2005, and in his opening brief, plaintiff argued the ALJ's decision was not properly supported by substantial evidence and not free of any legal error. Plaintiff raised several issues regarding the validity of the ALJ's decision. In response to plaintiff's opening brief and arguments made therein, defendant concedes the ALJ erred in making his decision and argues remand for further consideration is the appropriate remedy. Defendant specifically concedes that the ALJ erred in his assessment of the medical source statement completed by Dr. Bonafede (Tr. 208-19, 293, 303-04); the State agency medical consultant opinions (Tr. 220-25); Plaintiff's subjective complaints; and Plaintiff's maximum residual functional capacity. Plaintiff argues the appropriate remedy is an immediate reversal and award of benefits. As noted above, after reviewing the record, this court finds that a remand for further proceedings is appropriate.

DISCUSSION

The decision whether to remand a case for further proceedings or simply to award benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1176-1178 (9th Cir. 2000). An award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). Where remand would only delay the receipt of benefits, judgment for the claimant is appropriate. Rodriguez, 876 F.2d at 763.

After reviewing the arguments presented, the court finds the matter should be remanded for further proceedings. Plaintiff argues the Court should credit Dr. Bonafede's opinion and remand for a finding of disability based on that opinion (Pl.'s Br. at 21). However, Dr. Bonafede's specifically opined that his assessment of Plaintiff's limitations was based on "very crude estimates" (Tr. 304). Even if credited as a matter of law, Dr. Bonafede's opinion requires further proceedings to develop his findings beyond a crude estimate. *See* Mayes v. Massinari, 276 F.3d 453, 459-60 (9th Cir. 2001) (further proceedings are appropriate where evidence is ambiguous or inadequate). In addition, medical evidence in the record contradicts Dr. Bonafede's opinion. In particular, Dr. Arnsdorf specifically opined that he "heartily disagreed" with Dr. Bonafede's opinion of total and permanent disability (Tr. 232) and Dr. Dordevich opined Plaintiff was capable of some combination of light to medium work (Tr. 299-302). Further proceedings are necessary to provide the administration the opportunity to properly weight the medical opinion evidence and to thereafter, reassess plaintiff's residual functional capacity. The ALJ should be given the opportunity to consult further with an orthopedic medical expert and vocational expert.

Further proceedings are necessary because there are outstanding issues that must be resolved before a finding of disability can be made. On remand, the ALJ should at least do the following:

• Address all medical evidence in accordance with the regulations and Social Security Rulings (SSRs) 96-2p, 96-5p, and 96-6p, with particular attention given to the opinion of Dr. Bonafede, and the State agency medical consultant opinions;

• Further evaluate Plaintiff's subjective complaints pursuant to SSR 96-7p;

• Give further consideration to Plaintiff's mental limitations and provide reference and rationale in support of the finding;

• Give further consideration to Plaintiff's maximum residual functional capacity;

• Obtain an orthopedic medical expert;

• Obtain vocational expert evidence and identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles and the Selected Characteristics of Occupations. Furthermore, on remand, plaintiff may raise all of his arguments and any other issues to support his application for disability benefits.

CONCLUSION

Based on the foregoing discussion, the administrative decision should be remanded for further proceedings consistent with this decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 24, 2006**, as noted in the caption.

DATED this 2nd day of February, 2006.

           */s/ J. Kelley Arnold*
           J. Kelley Arnold
           U.S. Magistrate Judge